IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Noel Williams,

    Plaintiff,

  v.                            Case No. 2:08-cv-0178

Ohio Department of Commerce, et al.,

                                    JUDGE FROST

    Defendants.

## ORDER

This civil rights case is before the Court to consider a motion made by plaintiff Noel Williams for leave to amend her complaint. The motion is fully briefed. For the following reasons, the motion will be granted.

### I.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in <u>Foman v. Davis</u>, 371 U.S. 178 (1962) and <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires." In <u>Foman</u>, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In <u>Zenith Radio Corp.</u>, the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with

demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir.1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir. 1986)). See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir.1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir. 1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir. 1989). The

2

Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment.  Id.  It is with these standards in mind that the instant motion to amend will be decided.

## II.

Ms. Williams' original complaint matter asserted claims arising under 42 U.S.C. §1981, various state law claims relating to discrimination and retaliation, and alleged violations of Ms. Williams' constitutional rights.  The original complaint named the Ohio Department of Commerce and Kimberly Zurz as defendants and also included a John Doe defendant.  In her motion for leave, Ms. Williams asserts that she has identified the John Doe defendant as Ohio Governor Ted Strickland and seeks to add him as a defendant in both his individual and official capacities. Further, according to her motion, Ms. Williams seeks to amend the complaint to assert claims under 42 U.S.C. §1983 and 42 U.S.C. §1985, as well as First Amendment retaliation claims arising from Governor Strickland's actions.  Ms. Williams contends that the defendants will not be prejudiced by the amendment because the allegations and claims for relief set forth in the amended complaint are similar to those set forth in the original complaint.

The focus of defendants' opposition to the motion for leave to amend is that the amendment of the complaint would be futile because the claims against Governor Strickland cannot survive a motion to dismiss.  Specifically, they contend that Ms. Williams has failed to plead her §1985(3) conspiracy claim with sufficient specificity.  Further, they argue that her §1985(3) claim fails under the intracorporate conspiracy doctrine.  Additionally, defendants argue that Ms. Williams has not sufficiently alleged Governor Strickland's personal involvement in any constitutional

3

violations and that he cannot be held liable under §1983 for any actions of his subordinates. As set forth in the amended complaint, Ms. Williams' §1983 claim is the seventh claim for relief and her §1985(3) claim is the eighth claim for relief. The defendants' response does not address specifically the retaliation claim set forth as the ninth claim in the amended complaint. Consequently, the Court construes defendants' response as objecting to the motion for leave to amend relating to claims for relief seven and eight.

There is no question that while leave to amend should be freely given, "[a]mendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." Miller v. Calhoun County, 408 F.3d 803 (6th Cir. 2005) (citing Neighborhood Dev. Corp v. Advisory Council on Historic Pres., 632 F.2d 21, 23 (6th Cir. 1980)); see also Harsh v City of Franklin, Ohio, 2009 WL 806653 at *2 (S.D. Ohio, March 26, 2009) ("Leave may be denied if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss under Rule 12(b)(6)" (citing Commercial Money Center, Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 346 (6th Cir. 2007)). Because defendants have raised the issue of the sufficiency of the proposed amended complaint, the Court will examine whether Ms. Williams' proposed claims could withstand a Rule 12(b)(6) motion to dismiss.

A motion to dismiss under Fed. R. Civ. P 12(b)(6) should not be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct 1955, 1974 (2007). All well-pleaded factual allegations must be taken as true and be construed most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. Roth Steel Products v.

Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 857, 858 (6th Cir. 1976). Rule 12 (b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Wright & Miller, Federal Practice and Procedure § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. Id.

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Id. (emphasis in original, quotes omitted).

> "[w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

Id.

The Court will first consider defendants' argument that Ms. Williams has failed to state a claim under §1983 because she has not alleged Governor Strickland's personal involvement. There is no question that, to state a claim for relief under §1983, a plaintiff must allege that a defendant is personally responsible

5

for the unconstitutional actions which caused injury.  Liability under §1983 cannot be premised on a respondeat superior theory. See Ford v. County of Grand Traverse, 535 F.3d 483, 495 (6th Cir. 2008)(citing Monell v. Dept. of Social Servs. of New York, 436 U.S. 658, 691 (1978)).  Here, construing the proposed amended complaint liberally in Ms. Williams' favor, she alleges that Governor Strickland has prohibited her from attending meetings with his office on behalf of the NAACP in violation of her constitutional rights.  In light of this, Ms. Williams' has alleged a §1983 claim against Governor Strickland in a way that is arguably sufficient to withstand a Rule 12(b)(6) motion. Consequently, the motion for leave to amend will be granted as to the seventh claim for relief.

Turning next to Ms. Williams' §1985(3) claim, to state a claim under that section a plaintiff must allege: (1) a conspiracy, (2) that the purpose of the conspiracy was to deprive plaintiff of equal protection of the law, (3) an act in furtherance of the conspiracy, and (4) injury to the plaintiff. Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971); see also Royal Oak Entertainmment, LLC v. City of Royal Oak, Michigan, 205 Fed. Appx. 389, 399 (6th Cir. 2006).  This section applies "only where the discrimination was based on race or membership in another class comprising 'discrete and insular minorities that receive special protection under the Equal Protection Clause because of personal characteristics.'" Royal Oak, at 399 (quoting Volunteer Med. Clinic, Inc. v. Operation Rescue, 948 F.2d 218, 224 (6th Cir. 1991)).

Construing the proposed amended complaint liberally, Ms. Williams, an African-American female has alleged that, in retaliation for filing this action, Ms. Zurz and Governor Strickland have conspired to deprive her of both reinstatement to her position with the Department of Commerce and the ability to participate in certain NAACP activities with the Governor.

Additionally, Ms. Williams claims that, as a result of these acts, she has been injured by the denial of her constitutional rights.  Ms. Williams specifically alleges that following the filing of this action, she received an electronic communication from the Office of the Governor informing her that she was prohibited from conducting any NAACP business with the Governor during the pendency of this litigation.  These allegations, construed in Ms. Williams' favor, suggest a link between Ms. Zurz and Governor Strickland sufficient to create an inference that there was some agreement between them to take action against Ms. Williams.  Moreover, Ms. Williams' amended complaint taken as a whole contains allegations of class-based animus.  In light of these allegations, the Court concludes that Ms. Williams has stated a claim under §1985(3), which, like her §1983 claim, is arguably sufficient to survive a Rule 12(b)(6) motion.  Consequently, the Court cannot find that an amendment to include this §1985 claim would be futile.

Before concluding that the motion to amend should be granted to include Ms. Williams' §1985(3) claim, however, the Court must consider defendants' reliance on the intra-corporate conspiracy doctrine as it relates to this claim.  According to this doctrine "'[b]ecause a corporation cannot conspire with itself, employees of the company cannot be liable for a conspiracy.'" <u>Gilbert v. Correction Reception Center</u>, 2008 WL 4347231 at *6 (S.D. Ohio Sept. 19, 2008) (quoting <u>Johnson v. Hills and Dales General Hospital</u>, 40 F.3d 837, 838 (6th Cir. 1994)).  Defendants assert that, given Ms. Williams' framing of her amended complaint describing Governor Strickland as an employer, because Ms. Zurz, as the Director of Commerce, holds a cabinet level position within the executive branch, Governor Strickland and Ms. Zurz are part of the same "corporation" for purposes of this doctrine.  The Court is not persuaded by defendants' construction of the

amended complaint and finds the intra-corporate conspiracy doctrine inapplicable here.  A fair reading of the proposed amended complaint indicates that Ms. Williams has alleged a conspiracy involving two different agencies - the Department of Commerce and the Governor's Office.  Consequently, the Court will grant the motion for leave to amend to include the eighth claim for relief.

Turning briefly to the motion for leave to amend as it relates to the ninth claim for relief, as noted above the defendants have not specifically objected to this claim.  Moreover, the Court finds that this claim relates to and arises from the same facts as the other claims such that defendants will not be prejudiced by being required to defend against this claim.  Consequently, the motion for leave to amend will be granted as to the ninth claim for relief.

III.

Based on the foregoing, the motion for leave to amend (#27) is granted.  The Clerk shall detach and file the amended complaint attached to the motion as Exhibit 1.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge

or District Judge.  S.D. Ohio L.R. 72.4.


                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge