IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NOEL WILLIAMS,

    **Plaintiff,**

    v.                                        Case No. 2:08-cv-178
                                                  JUDGE GREGORY L. FROST
**OHIO DEPT. OF COMMERCE, et al.,**      Magistrate Judge Terence Kemp

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on a motion to dismiss (Doc. # 40) filed by Defendant Strickland, a memorandum in opposition (Doc. # 50) filed by Plaintiff Noel Williams, a reply in support of the motion to dismiss (Doc. # 52), a motion to strike certain arguments in Defendant Strickland's reply (Doc. # 53) filed by Plaintiff, and a memorandum in opposition (Doc. # 54), filed by Defendant Strickland. For the reasons that follow, this Court finds Defendant's motion well taken and Plaintiff's motion moot.

## I. Background

On February 25, 2008, Plaintiff filed a complaint with this Court pursuant to 42 U.S.C.§§ 1981, 1983, and 1985, and Ohio Revised Code § 4112.02, alleging that Defendants violated federal and state statutes prohibiting discrimination and retaliatory actions based on race and color. (Doc. # 1.) On April 13, 2009, Plaintiff filed an amended complaint, naming Ohio Governor Ted Strickland as a party defendant. (Doc. # 36.)

Plaintiff, an African-American female, was employed by Defendant Ohio Department of Commerce within the meaning of Ohio Revised Code § 4112.02 during the time of the alleged discriminatory acts. (*Id*. at 2.) Plaintiff is also the local President of the National Association for

1

the Advancement of Colored People ("NAACP"), and alleges that Defendants unlawfully discriminated against her on account of her color and race and participation in political activities in advancement of the African-American race and minority races. (*Id.*) In her amended complaint, Plaintiff alleges that she was placed on administrative leave from the Ohio Department of Commerce on May 25, 2007. (*Id.* at 4.) Plaintiff also alleges that on June 4, 2007, during her administrative leave, Plaintiff met with John Hasley, Chief of Staff to Defendant Strickland. (*Id.* at 3.) Plaintiff alleges that in her capacity as President of the Columbus unit of NAACP, she was privileged to discuss the Governor's Foreclosure Task Force. (*Id.*) Plaintiff was terminated from the Ohio Department of Commerce on August 30, 2007. (*Id.* at 4.) Plaintiff further alleges that some time thereafter she was notified both orally and in writing by the Office of the Governor that she would not be permitted to attend a meeting between Defendant Strickland and several representatives from NAACP scheduled for April 23, 2008. (*Id.*) Plaintiff avers that she received an electronic communication from the Office of the Governor, which specified that she was prohibited from conducting NAACP business with Defendant Strickland as long as the instant litigation herein was pending. (*Id.*)

Plaintiff also alleges that the decision of the Office of the Governor to prohibit her from attending any meeting with Defendant Strickland was motivated by conduct related to the public policy of prohibiting discrimination on the basis of color, race and/or retaliation and singles her out from other citizens. (*Id.* at 6.) Plaintiff avers that Defendant Strickland engaged in a conspiracy, a violation of 42 U.S.C. § 1985(3), by notifying Plaintiff she would not be able to attend any meetings between the NAACP and the Office of the Governor as long as this federal action or any court action is pending. (*Id.* at 4.) Plaintiff also avers that Defendant Strickland joined in the harassment and retaliation of her by prohibiting her from advancing the political expressions of the NAACP, a violation of Plaintiff's First Amendment rights. (*Id.* at 9.)

Plaintiff's amended complaint asserts ten counts for relief: (1) racial discrimination in violation of 42 U.S.C. § 1981; (2) racial discrimination in violation of Ohio Revised Code §

4112; (3) hostile work environment in violation of Ohio Revised Code § 4112; (4) retaliation in violation of Ohio Revised Code § 4112; (5) punitive damages; (6) wrongful discharge against public policy; (7) deprivation of constitutional rights in violation of 42 U.S.C. § 1983; (8) conspiracy in violation of 42 U.S.C. § 1985(3); (9) First Amendment retaliation; and (10) denial of equal protection under the Fourteenth and Ninth Amendments. (*Id.* at 4-9.)

On May 4, 2009, Defendant Strickland filed a motion to dismiss pursuant Federal Rule of Civil Procedure 12(b)(6). (Doc. # 40.) This motion is now ripe for disposition.

## II. Standard to be Applied

Federal Rule of Civil Procedure 12(b)(6) requires an assessment of whether Plaintiff has set forth a claim upon which this Court can grant relief. This Court must construe the complaint in favor of Plaintiff, accept the factual allegations contained in the complaint as true, and determine whether Plaintiff's factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Luckey v. Butler County*, No. 1:06cv123, 2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007) (characterizing *Bell Atlantic* as requiring that a complaint " 'state a claim to relief that is plausible on its face' " (quoting *In re OSB Antitrust Litigation*, No. 06-826, 2007 WL 2253419, at *2 (E.D. Pa. Aug. 3, 2007))). To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 127 S. Ct. at 1974; *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Thus, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level" *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

## III. Discussion

Defendant Strickland posits that Plaintiff has failed to present a claim upon which this Court can grant relief based on the fact that Plaintiff has asserted a number of state law claims, all of which are barred by the Eleventh Amendment. Moreover, Defendant Strickland argues that Plaintiff's claims against him in his personal capacity fail to state a claim upon which relief

may be granted.

### A. State Law Claims (Counts Two, Three, Four, and Six)

Defendant Strickland argues that four of the Counts in the amended complaint (Two, Three, Four, and Six), raise purely state law claims, and that this Court cannot assert pendent jurisdiction over the state law claims. Federal courts are barred by the Eleventh Amendment from exercising jurisdiction over pendent state law claims against state officials sued in their official capacities. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 120 (1984).

In her amended complaint, Plaintiff alleges that this Court can exercise supplemental jurisdiction over the state law and state common law claims pursuant to 28 U.S.C. § 1367. However, the United States Supreme Court rejected this precise argument in *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 540-542 (2002) (citing *Blatchford v. Native Village of Noatak*, 501 U.S. 775 (1991) (finding that the general grant of jurisdiction in 28 U.S.C. § 1367 was not specific enough to show Congress intended to abrogate Eleventh Amendment immunity)).

Plaintiff cannot preserve her claims by arguing that she is suing Defendant Strickland in his individual capacity. The Ohio Court of Claims Act requires that state law claims brought against state employees in their personal capacities must be filed first against the state of Ohio in the Court of Claims. Ohio Rev. Code § 2743.02(F); *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989).

Finally, the Court notes that in her memorandum in opposition (Doc. # 50), Plaintiff states that she does not oppose the dismissal of Counts Two, Three, Four and Six of the amended complaint as they apply to Defendant Strickland. Accordingly, the Court Grants the dismissal of Counts Two, Three, Four, and Six as they apply to Defendant Strickland.

### B. Federal Law Claims - Counts One, Seven, Nine, and Ten

Plaintiff asserts five federal causes of action (Counts One, Seven, Eight, Nine, and Ten) against Defendant Strickland. Defendant Strickland argues that all five federal law claims

4

should be dismissed as against him because the amended complaint does not allege that Defendant Strickland had anything to do with Plaintiff's suspension or termination.

Defendant Strickland argues that all claims against him in his official capacity must be dismissed for lack of jurisdiction. Plaintiff contends that Defendant Strickland's argument is too broad, but this contention fails to recognize the protection of the Eleventh Amendment. The Eleventh Amendment of the United States Constitution renders states immune from suits in federal court by private citizens. *Port Auth. Trans-Hudson Corp. v. Feeny*, 495 U.S. 299, 304 (1990). Further, a suit against a state officer in his official capacity is simply another way of pleading a claim against the state of Ohio, which means the same Eleventh Amendment immunity applies to Governor Strickland, to the extent he is named in his official capacity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008).

In opposition, Plaintiff contends that Defendant Strickland must answer to the § 1981 claim, Count One. Plaintiff relies on this Court's Order issued on April 13, 2009, arguing that the Court had no problem ascertaining from the claims the allegation that "Ms. Zurz and Governor Strickland have conspired to deprive her of both reinstatement to her position with the Department of Commerce and the ability to participate in certain NAACP activities with the Governor." (Doc. # 32, at 6.) However, Plaintiff's reliance is misplaced. The Court's previous order addressed Plaintiff's motion for leave to amend. There, this Court recognized that under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff should be granted an opportunity to present specific allegations in her amended complaint. The Court did not give credence to Plaintiff's amorphous claims or state that they would survive a Federal Rule 12(b)(6) attack.

Plaintiff's § 1981 claim must fail as to Defendant Strickland because the amended complaint does not allege Defendant Strickland had anything to do with Plaintiff's suspension or termination. Plaintiff alleges in her amended complaint that she was discriminated against in three ways: (1) she was placed on administrative suspension; (2) she was terminated; and (3)

after she was fired, she was told she could not meet with the Governor as an NAACP representative so long as the litigation was pending. (Doc. # 37, at 3-4.) Plaintiff fails to allege that Defendant Strickland played any role in her suspension or firing, and notably concedes that his involvement did not start until after she was terminated. (Doc. # 37, at 9.)

With regard to Plaintiff's 42 U.S.C. § 1983 claim for relief, it is well established that the State is not a "person," and that § 1983 does not abrogate Eleventh Amendment immunity. *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 654, n.8 (6th Cir. 2007), citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Moreover, the amended complaint purports to state three federal constitutional claims against Governor Strickland in his individual capacity arising under the First, Ninth, and Fourteenth Amendments. Counts Seven, Nine, and Ten revolve around the allegation that Defendant Strickland was retaliating against Plaintiff for exercising her First Amendment rights by barring her from attending a meeting with the Governor alongside other members of the NAACP. All three Counts allege that in barring Plaintiff from attending a meeting with the Governor along side other members of the NAACP, Defendant Strickland was retaliating against Plaintiff for exercising her First Amendment rights. (Doc. # 36, at 9.) By looking to the factual allegations of the pleading, they do not raise a right to relief above the speculative level. *See Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. Therefore, Defendant Strickland is entitled to judgment based on qualified immunity.

In regards to Plaintiff's First Amendment claim, Defendant raises the defense of qualified immunity. The doctrine of qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982); *Leary v. Livingston County*, 528 F.3d 438, 441 (6th Cir. 2008). Qualified immunity involves a two-step inquiry. First, the Court must determine whether, based upon applicable law, the facts viewed in the light most favorable to Plaintiff show that a constitutional violation has occurred.

6

*Saucier v. Katz*, 533 U.S. 194, 121 (2001). Second, "[if] a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.*; *see also Dickerson v. McClellan*, 101 F.3d 1151, 1158 (6th Cir. 1996).

The allegation of First Amendment retaliation fails both prongs of the qualified immunity test. First, the allegations in the amended complaint fail, even if true, to amount to a constitutional violation. A First Amendment retaliation claim consists of three elements:

(1) the plaintiff engaged in protected conduct;
(2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and
(3) a casual connection exists between elements one and two– that is, the adverse action was motivated at least in part by plaintiff's protected conduct.

*Thadeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc); *Bell v. Johnson*, 308 F.3d 594, 602 (6th Cir. 2002). Even assuming that the amended complaint satisfies the first and third prongs, Plaintiff cannot show an adverse action taken against her that would deter a person of ordinary firmness from continuing to engage in that constitutionally protected speech. At the time of the alleged meeting, which Plaintiff was asked not to attend, Plaintiff was no longer a state employee. Excluding a private citizen from a meeting with the Governor, a meeting the Governor is under no legal obligation to have, is not so grave a punishment as to deter a person of ordinary firmness from continuing to exercise her right to free speech. This situation is an example of an adverse action that is so de minimis that it does not give rise to constitutionally cognizable injuries. *See Thaddeus-X*, 175 F.3d at 396.

In addition, the First Amendment retaliation claim fails the second prong of the qualified immunity test. Plaintiff cannot show that Defendant Strickland's alleged actions violated a clearly-established right. Qualified immunity shields an official from suit even when his action violates constitutional rights, unless "the right is so clearly established that a reasonable official would understand that what he was doing violates that right." *Nader v. Blackwell*, 545 F.3d,

7

459, 476 (6th Cir. 2008), quoting *Cooper v. Parrish*, 203 F.3d 937, 951 (6th Cir. 2000). Here, there is an absence of law on this issue. The absence of conclusive case law indicates that the right and concomitant violation was not well-established, and qualified immunity applies. *Id*. at 476-77. In light of Defendant Strickland's qualified immunity, Count Nine is dismissed as it applies to him.

Plaintiff fails to state a claim in her amended complaint in regards to those constitutional claims other than the First Amendment. Counts Seven and Ten mention the Fourteenth Amendment and equal protection, without any explanation of how Plaintiff was treated differently from others similarly situated. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (recognizing successful equal protection claims brought by a "class of one," where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment); *Walters v. City of Johnson City*, No. 2:06-CV-82, 2008 WL 782485 at *2 (E.D. Tenn. Mar. 20, 2008).

As for the allegations of a Ninth Amendment violation under Counts Seven and Ten, the Ninth Amendment does not confer any substantive rights or create any particular constitutional right. *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991). The Ninth Amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim under 42 U.S.C. § 1983. *Rucker v. City of Kettering, Ohio*, 84 F. Supp. 2d 917, 922 (S.D. Ohio 2000). As the Ninth Amendment does not grant any substantive rights and cannot support a § 1983 claim, Counts Seven and Ten are dismissed as they apply to Defendant Strickland.

**C. Conspiracy Claim under 42 U.S.C. § 1985(3) - Count Eight**

As to Count Eight, Plaintiff's amended complaint purports to state a claim for "conspiracy under 42 U.S.C. § 1985(3)." To state a claim under § 1985(3), a plaintiff must allege four elements:

    (1) a conspiracy;

(2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;
(3) an act in furtherance of the conspiracy; and
(4) an injury to either person or property or a deprivation of any right or privilege of a United States citizen.

*Volunteer Medical Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 223 (6th Cir. 1991) (citing *United Bhd. Of Carpenters & Joiners v. Scott*, 463 U.S. 825 (1983) and *Conklin v. Lovely*, 834 F.2d 543, 548 (6th Cir. 1987)). Based on her own allegations, Plaintiff's conspiracy claim must fail for three reasons. First, Plaintiff alleges that Defendant Strickland did not join the conspiracy until after she was terminated. Therefore, with respect to his involvement, she cannot show that she was deprived of any constitutional right or interest, since she has no constitutional right to meet with the Governor. Second, whatever racial animus Plaintiff believes the other defendants harbored, she repeatedly alleges Defendant Strickland's actions were motivated by a desire to retaliate against her for expressing political opinions and/or filing her lawsuit. (Doc. # 25, at 4, 8, and 9.) However, § 1985(3) does not provide a cause of action for individuals allegedly injured by conspiracies motivated by discriminatory animus directed toward their political affiliation, or other reason, except insofar as it involves a discrete, identifiable group. *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003). Finally, civil rights conspiracy claims must be pled with some degree of specificity and vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim. *Center for Bio-Ethical Reform v. City of Springboro*, 477 F.3d 708, 832 (6th Cir. 2007).

Plaintiff relies on this Court's previous order (Doc. # 37) in which the Court considered the conspiracy claim. Once again, Plaintiff's reliance is misplaced. This Court's previous order addressed Plaintiff's motion for leave to amend. The Court simply gave Plaintiff an opportunity to bring forth specific allegations of a conspiracy in her amended complaint. However, the Court did not give credence to Plaintiff's amorphous claims or state that they would survive a Federal Rule 12(b)(6) attack. As Plaintiff's amended complaint makes no such allegations, Count Eight is dismissed as to Defendant Strickland.

## IV. Conclusion

Based on the foregoing, this Court **GRANTS** Defendant Strickland's motion to dismiss all claims as they apply to Defendant Strickland. (Doc. # 40.) Because this Court's analysis did not include any of the complained of materials objected to in the motion to strike (Doc. # 53), the Court finds Plaintiff's motion to strike to be moot.

**IT IS SO ORDERED**.

            /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE