IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NOEL WILLIAMS,

       Plaintiff,                               Case No.: 2:08-cv-178
                                                  JUDGE GREGORY L. FROST
       v.                                         Magistrate Judge Terence P. Kemp

KIMBERLY ZURZ, et al.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for relief from judgment (Doc. # 95), Defendants' memorandum in opposition (Doc. # 97), and Plaintiff's reply memorandum (Doc. # 98). For the reasons that follow, the Court **DENIES** Plaintiff's motion.

### I. Background

On February 25, 2008, Plaintiff filed this action. Plaintiff's amended complaint asserts ten counts for relief: (1) racial discrimination in violation of 42 U.S.C. § 1981 ("Section 1981"); (2) racial discrimination in violation of Ohio Revised Code Chapter 4112 ("Chapter 4112"); (3) hostile work environment in violation of Chapter 4112; (4) retaliation in violation of Chapter 4112; (5) punitive damages; (6) wrongful discharge in violation of public policy; (7) deprivation of constitutional rights in violation of 42 U.S.C. § 1983 ("Section 1983"); (8) conspiracy in violation of 42 U.S.C. § 1985(3); (9) retaliation in violation of the First Amendment to the United States Constitution; and (10) denial of equal protection under the Fourteenth and Ninth Amendments to the United States Constitution.

On November 13, 2009, Defendants Ohio Department of Commerce and Kimberly Zurz, filed a motion for summary judgment on all Plaintiff's claims. (Doc. # 73.) On April 15, 2010,

1

this Court granted that motion (Doc. # 93) and entered judgment accordingly (Doc. # 94)..

Plaintiff has now moved for relief from that judgment.

## II.  Standard

Plaintiff invokes Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure, which provides for relief from judgment in certain circumstances:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . . or
>
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

To grant or deny a motion for relief from judgment under Rule 60(b) is within the sound discretion of the trial court.  *Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir. 1990) (citations omitted).

## III.  Discussion

Plaintiff argues that she is entitled to relief from judgment against her on two claims (1) retaliation in violation of 42 U.S.C. §§ 1981, 1983, and (2) First Amendment retaliation.  This Court disagrees.

**A. Fed. R. Civ. P. 60(b)(1)**

**1.  42 U.S.C. §§ 1981, 1983**

Plaintiff contends that Defendants did not move for summary judgment on her "Section 1981 / 1983 retaliation claim" and it was, therefore, a mistake for the Court to grant summary

judgment to Defendants on that claim.  Plaintiff, however, has already made this argument and the Court implicitly rejected it in its Opinion and Order granting Defendants summary judgment. Specifically, in Plaintiff's memorandum in opposition to Defendants' motion for summary judgment Plaintiff titled:  "**DEFENDANTS DID NOT ADDRESS THE 1981/1983 RETALIATION CLAIM, NOR THE EXPRESSIVE ASSOCIATION VIOLATION CLAIM, AND THEREFORE PLAINTIFF DOES NOT ADDRESS THESE.**"  (Doc. # 81 at 11) (emphasis in original).  Plaintiff went on to explain that she had alleged a Section 1981 retaliation claim and Defendants failed to move for summary judgment on that claim.

In Defendants' reply brief, Defendants argued, and this Court implicitly accepted in its Opinion and Order, that Plaintiff's Section 1981 claim was one for discrimination and not for retaliation.  (Doc. # 88) ("It is undisputed that Williams herself titled her § 1981 claim 'Racial Discrimination' . . . .   And an examination of the language of her claim makes clear that it is solely a claim for discrimination.").  Plaintiff is simply rearguing her contention here.  Rule 60(b)(1), however, "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof."  *Jinks v. Alliedsignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).  In these circumstances, the proper recourse is an appeal to the Sixth Circuit.

### 2.  First Amendment Retaliation

Next, Plaintiff argues that this Court mistakenly granted summary judgment to Defendants on her First Amendment retaliation claim.  Plaintiff contends that the Court misapplied the summary judgment standard by in several ways:  by requiring Plaintiff to "put into play an issue [here causal connection] that the movant has not," and by "weighing the

3

evidence and deciding the inferences in favor of the moving party," (Doc. # 95 at 3-5); by incorrectly assessing the evidence, *e.g.*, "On summary judgment, this Court is not free to assess whether Zurz did, or did not, make such a statement. It must accept the admission as fact. That being the case, it would be for a jury to determine whether Mrs. Williams' protected speech actually motivated, at least in part, that decision." (Doc. # 98 at 3, 4). Disagreement with the Court's application of the summary judgment standard is an issue to be dealt with on appeal, not in a motion for relief from judgment under Rule 60(b)(1). *See Vanguard Transp. Sys. v. Volvo Trucks N. Am., Inc.*, No. 2:04-cv-889, 2006 U.S. Dist. LEXIS 78824, *8 (S.D. Ohio Oct. 30, 2006) ("if Vanguard believes that this Court improperly applied the summary judgment standard, or improperly considered any evidence in light of that standard, its recourse is to appeal this Court's decision, not to restate arguments upon which this Court has already decided").

**B.  Fed. R. Civ. P. 60(b)(6)**

Rule 60(b)(6) of the Federal Rules of Civil Procedure grants federal courts authority to relieve a party of final judgment "for any other reason justifying relief" provided that the motion is not premised on one of grounds for relief enumerated in Rule 60(b)(1) through 60(b)(5). *Liljeberg v Health Serv. Acquisition Corp.*, 486 U.S. 847 (1988). Rule 60(b)(6) does not particularize factors that justify relief from judgment, but extraordinary circumstances are required. *Id.*

Here, Plaintiff makes the same arguments for relief under Rule 60(b)(6) as she does under Rule 60(b)(1). To the extent that Plaintiff's arguments are not premised on one of the grounds for relief enumerated in Rule 60(b)(1), they do not satisfy Rule 60(b)(6). Plaintiff's evaluation of the merits of Defendants' motion for summary judgment and the Court's

4

application of the summary judgment standard fall far short of the extraordinary circumstances required to justify relief under Rule 60(b)(6).  *See e.g., Mayhew v Int'l Mktg. Group*, 6 Fed. App'x. 277 (6th Cir. 2001) (Rule 60(b)(6) relief granted because, *inter alia*, district court judgment directly conflicted with 17 U.S.C. § 303(b)).

### IV.  Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff's motion for relief from judgment. (Doc. # 95.)

**IT IS SO ORDERED.**

<u>**/s/ Gregory L. Frost**</u>
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**